IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01712-RBJ

ERIN GOLDBAUM, et al.,
individually, and on behalf of all others
similarly situated who consent to their
inclusion,

    Plaintiffs,

v.

INTEGRATED ASSET SERVICES, LLC,
a limited liability company

    Defendant.
_____

Civil Action No. 12-cv-2329-RBJ

MICHELLE MENKAL,
individually and on behalf of all others
similarly situated who consent to their
inclusion,

    Plaintiff,

v.

INTEGRATED ASSET SERVICES, LLC,
a limited liability company

    Defendant.
_____

Civil Action No. 12-cv-2384-RBJ

MANDY ROYBAL,
individually and on behalf of all others
similarly situated who consent to their
inclusion,

    Plaintiff,

v.

INTEGRATED ASSET SERVICES, LLC,
a limited liability company

    Defendant.

---

## ORDER

This matter is before the Court on the plaintiffs' Motion to Enforce & Modify Settlement Agreement in case No. 12-cv-1712-RBJ [Doc. #53]. Plaintiffs represent that they were filing the motion in triplicate to include the two related cases. However, they did not file the motion in either of the related cases. Because the motion concerns a settlement that resolved the three cases together, the Court issues this order in all three cases.

Plaintiffs file their motion because the defendant, Integrated Asset Services, LLC, (IAS) has not completed its financial obligation under the terms of the settlement agreement. They ask the Court to reopen the case(s), enforce the settlement agreement, but also to modify the agreement to preserve claims that had been waived. IAS opposes the motion but indicates that it will stipulate to the entry of judgment in the amount remaining due on the agreement. For the reasons set forth below, the Court denies Plaintiffs' motion but will enter a judgment in their favor for the stipulated amount.

## BACKGROUND

The plaintiffs filed this suit in July 2012 alleging violations of the Fair Labor Standards Act ("FLSA") for a failure to pay overtime wages. [Doc. #1]. The parties discussed a settlement of the claims and thereafter drafted a Joint Motion for Approval of Settlement Agreement [Doc. #45]. On April 2, 2013, I held a hearing to discuss the agreement's terms and to ensure that they were fair to the plaintiffs.

During that hearing, IAS disclosed that it agreed to the settlement in part because of the precarious financial condition of the company. Transcript [Doc. #56] at 7:8–11. IAS revealed that it had been attempting without success to secure financing in order to continue running its operations as well as to ensure sufficient funding for the settlement. *Id.* at 7:18–22. I asked defense counsel to clarify whether this meant it was not planning to fund the settlement agreement and was assured, to the contrary, that the company had every intention of paying the full amount owed. *Id.* at 8:5–12. However, IAS made it clear that the ability to fund the agreement would be dependent on its ability to obtain outside financing, which to that point had been unsuccessful. *Id.* at 8:12–15.

Plaintiffs' counsel confirmed that it was aware of the financial difficulties facing IAS and that the situation "was indeed part of the consideration that the plaintiffs put in as to whether they should or shouldn't settle their claims." *Id.* at 9:12–16. In fact, plaintiffs' counsel acknowledged that part of the reason for developing a structured settlement was that "it allows for the class to receive something" as opposed to going to trial when the company may be out of business by the time a verdict is reached. *Id.* at 9:18–25. Plaintiffs' counsel then reiterated that IAS's financial situation was "definitely a part of the plaintiffs' consideration." *Id.* at 10:1.

The Court asked plaintiffs' counsel what he would do if part of the settlement went unpaid. *Id.* at 11:8–9. Counsel responded that he would reach out to IAS and, if no agreement could be reached, he would seek the appropriate remedy through the Court. *Id.* at 11:25–25; 12:1–13. The Court approved the agreement at the end of the hearing. [Doc. #50].

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs allege (without supporting evidence) that IAS had no intention of keeping to the terms of the settlement agreement. They ask the Court to order (1) that IAS pay all monies due within seven days of the Court's ruling; (2) that further monies received by IAS be immediately sent to the Class Administrator and not to other, more senior creditors of the company; (3) that a failure to comply with the Court's orders would result in a repudiation of the contract allowing for plaintiffs to assert claims that they had waived; and (4) that attorney's fees and costs be paid to class counsel for the action taken to enforce this agreement.

In its response, IAS asserts that it always intended to fund the entire settlement agreement, and that its inability to do so is solely related to the financial difficulties disclosed to the plaintiffs and to the Court during the settlement talks. IAS contends that it has not repudiated the contract but instead has breached it, and a breach calls for a judgment for money damages. It also argues that the plaintiffs have made no showing that they have a legal right to have their interest placed above the interest of more senior creditors. In all, IAS asks the Court to enter a judgment for $113,541.68 in the plaintiffs' favor and to deny their other requests for relief.

Plaintiffs have filed no reply. After reviewing the hearing transcript, the briefings on this motion, and all exhibits attached to those briefings, the Court finds that the plaintiffs have not shown, or even attempted to show, that IAS acted in bad faith in breaching the settlement agreement. Rather, it appears to this Court that IAS did attempt to fund the settlement—even

accelerating payments when it knew it would start to wind down operations—but that it experienced the financial difficulties that were risks known by both parties when they entered into the settlement that resulted in its failure to complete the required payments. Specifically, the plaintiffs were aware of and took into account the financial situation IAS was facing when they signed the settlement agreement, which included releases of claims against a number of individuals that plaintiffs now seek to sue in their individual capacities. The Court declines to reopen the case to permit plaintiffs to revoke these waivers and amend their Complaint. Finally, the seniority of creditors is an issue out of the Court's hands. As in any situation where a company closes down, debts may outnumber the remaining finances, leaving some creditors unable to collect monies owed. However, I cannot order IAS to pay its creditors out of seniority order.

## ORDER

For the foregoing reasons, the Court directs that judgment be entered in favor of the plaintiffs in the three captioned cases and against Integrated Asset Services, LLC in the amount of $113,541.68, plus post-judgment interest. Plaintiffs' specific requests for relief in their Motion to Enforce Settlement & Modify Settlement Agreement [Doc. #53] are hereby DENIED. All parties are to bear their own costs.

DATED this 31st day of March, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge